FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 29, 2023

SEAN F. McAVOY, CLERK

1

2

3

4

5            UNITED STATES DISTRICT COURT

6            EASTERN DISTRICT OF WASHINGTON

7   BARBARA ROCKNESS, an individual,    | No. 2:21-CV-00153-MKD

8            Plaintiff,                   | ORDER GRANTING DEFENDANT
                                          | WHITMAN COUNTY'S MOTION
9   vs.                                   | FOR SUMMARY JUDGMENT

10  RON ROCKNESS, an individual; and     | **ECF No. 10**
    WHITMAN COUNTY, a political
11  subdivision of the State of Washington,

12           Defendants.

13          Before the Court is Defendant Whitman County's Motion for Summary

14   Judgment, ECF No. 10.  On March 30, 2022, the Court heard oral argument on the

15   motion.  ECF No. 22.  Samantha Lin appeared on behalf of Plaintiff Barbara

16   Rockness ("Ms. Rockness").  Michael McFarland appeared on behalf of Defendant

17   Whitman County ("Whitman County").  Defendant Ron Rockness

18   ("Mr. Rockness") did not participate in the hearing.

19          In her Complaint, Ms. Rockness brings claims of negligence, battery and

20   assault, and outrage against Mr. Rockness.  ECF No. 2 at 3-4 ¶ 4.1-6.3.

ORDER GRANTING DEFENDANT WHITMAN COUNTY'S MOTION FOR
SUMMARY JUDGMENT - 1

Ms. Rockness brings one claim arising under 42 U.S.C. § 1983 against Whitman County.  ECF No. 2 at 4 ¶ 7.1-7.2.  Whitman County moves for summary judgment as to Ms. Rockness's claim against it.  *See* ECF No. 10.  For the reasons stated herein, Whitman County's motion is **GRANTED** and the remainder of the case is **REMANDED** to state court.

## BACKGROUND

The following facts are undisputed.[1]  At all relevant times, Mr. Rockness worked for Whitman County as the Whitman County Sheriff's Office Undersheriff.  ECF No. 2 at 2 ¶ 3.1; ECF No. 7 at 2 ¶ 3.1.  In December 2017, Mr. Rockness responded to a domestic issue involving Ms. Rockness at

---

[1] Whitman County filed a Statement of Undisputed Facts.  ECF No. 11.  The sole evidentiary basis for the facts asserted therein is the Deposition of Barbara Rockness, filed at ECF No. 12-1.  Ms. Rockness filed with her response, ECF No. 14, a Statement of Disputed Material Facts.  ECF No. 16.  Pursuant to LCivR 56(c)(1)(B), Ms. Rockness was to specify disputed facts precluding summary judgment with reference to Whitman County's asserted undisputed facts by number.  Ms. Rockness instead offered a list of her own facts.  Where Whitman County's facts are uncontroverted, the Court finds them undisputed.  LCivR 56(e); Fed. R. Civ. P. 56(e).

ORDER GRANTING DEFENDANT WHITMAN COUNTY'S MOTION FOR SUMMARY JUDGMENT - 2

Ms. Rockness's home.  ECF No. 11 at 1-2 ¶¶ 1-3.  At that time, Ms. Rockness was not married to Mr. Rockness; she was married to Eugene McKinney.  ECF No. 11 at 2 ¶ 3.

Ms. Rockness next met Mr. Rockness in March 2018, when the two exchanged small talk outside of Ms. Rockness's home.  ECF No. 11 at 2-3 ¶¶ 5-8. Mr. Rockness told Ms. Rockness that he offered free rides in his patrol car if she was ever interested.  ECF No. 11 at 2 ¶ 7.  They continued to interact, making small talk, and exchanging text messages, in April and May 2018.  ECF No. 11 at 3-4 ¶¶ 9-13.  During some interactions, Mr. Rockness was uniformed and in his patrol car, and during others, he was not.  ECF No. 11 at 3-5 ¶¶ 9-18.

In June 2018, Mr. McKinney filed for divorce from Ms. Rockness, and Ms. Rockness and Mr. Rockness began dating.  ECF No. 11 at 2-4 ¶¶ 4, 14. Ms. Rockness and Mr. Rockness began living together in October 2018.  ECF No. 11 at 5 ¶ 19.  Ms. Rockness reports Mr. Rockness began verbal abusing her after they began dating.  ECF No. 11 at 5 ¶ 22.  In an incident on December 31, 2018, Mr. Rockness was drinking and was verbally abusive.  ECF No. 12-1 at 30:1-11.

Ms. Rockness and Mr. Rockness married on June 18, 2019.  ECF No. 11 at 5 ¶ 20.  On July 17, 2019, Mr. Rockness was verbally abusive to Ms. Rockness, in an incident where Mr. Rockness swore at Ms. Rockness in anger and chased her. ECF No. 11 at 5 ¶ 21.

ORDER GRANTING DEFENDANT WHITMAN COUNTY'S MOTION FOR SUMMARY JUDGMENT - 3

1    The first incident of physical abuse occurred on September 16, 2019.  ECF

2  No. 11 at 5-6 ¶ 23; ECF No. 12-1[2] at 32:10-20; 34:24-25; 35:8-11; ECF No. 14 at 2

3  ¶ 6; ECF No. 16 at 2 ¶ 3; ECF No. 18 ¶ 3.  Ms. Rockness fled from Mr. Rockness

4  and attempted to close a bedroom door.  ECF No. 14 at 2 ¶ 6.  Mr. Rockness forced

5  the door open and injured Ms. Rockness's arm.  ECF No. 14 at 2 ¶ 6.

6    In an incident in October 2019, Ms. Rockness feared that Mr. Rockness

7  would hurt her and asked him to leave their home.  ECF No. 14 at 2 ¶ 7; ECF No.

8  16 at 2 ¶ 4; ECF No. 18 at 3 ¶ 4.  Mr. Rockness banged on the doors, and

9  eventually overpowered Ms. Rockness to enter the home and verbally berated her.

10  ECF No. 14 at 2 ¶ 7.

11    In an incident on December 12, 2019, Ms. Rockness again feared that

12  Mr. Rockness would hurt her, and Ms. Rockness attempted to lock herself into the

13  bedroom.  ECF No. 16 at 3 ¶ 6; ECF No. 18 at ¶ 6.  Mr. Rockness grabbed onto

14  Ms. Rockness's purse strap, which caught around Ms. Rockness's hand, and

15  fractured her finger.  ECF No. 16 at 3 ¶ 6; ECF No. 18 at ¶ 6.  Ms. Rockness was

16  diagnosed with a displaced fracture of her right ring finger with a permanent

17

18

19  ─────────────
[2] The Court's citations to this document are to the blue page numbers in the top

20  righthand corner, stamped by the Court's filing system.

ORDER GRANTING DEFENDANT WHITMAN COUNTY'S MOTION FOR
SUMMARY JUDGMENT - 4

rotational deformity.  ECF No. 16 at 3 ¶ 7; ECF No. 18 at ¶ 6; *see* ECF No. 11 at 6 ¶ 24.

Ms. Rockness filed a police report on December 13, 2019.  ECF No. 11 at 5-6 ¶¶ 23, 25.  She separated from Mr. Rockness that day, and they are now divorced.  ECF No. 14 at 3 ¶ 10.  Ms. Rockness reports that, during the incidents of abuse, Mr. Rockness told her that "he was No. 2 in command" at the Sheriff's Office where he worked, and that "if [she] dialed 911, . . . he would just tell them that [she] hurt him, and [she] would be arrested."  ECF No. 12-1 at 37:1-4; ECF No. 11 at 6 ¶ 27.  Mr. Rockness was not on duty for any of the incidents of physical abuse.  ECF No. 11 at 6 ¶ 26.

On February 8, 2021, Ms. Rockness filed suit against Mr. Rockness in the Whitman County Superior Court.  ECF No. 1 at 2; ECF No. 1-3.  On April 12, 2021, Ms. Rockness amended her state court complaint to add the Whitman County Sheriff's Office as a defendant.  ECF No. 1 at 2; ECF No 1-5.  On May 5, 2021, Whitman County filed a Notice of Removal to this court.  On May 7, 2021, Ms. Rockness filed an Amended Complaint, replacing the Whitman County Sheriff's Office with Whitman County as a defendant.  ECF No. 2.  On November 16, 2021, Whitman County moved for summary judgment.  ECF No. 10.

ORDER GRANTING DEFENDANT WHITMAN COUNTY'S MOTION FOR SUMMARY JUDGMENT - 5

1

## SUMMARY JUDGMENT STANDARD

2      A district court must grant summary judgment "if the movant shows that

3  there is no genuine dispute as to any material fact and the movant is entitled to

4  judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*,

5  477 U.S. 317, 322-23 (1986); *Barnes v. Chase Home Fin., LLC*, 934 F.3d 901, 906

6  (9th Cir. 2019). "A fact is 'material' only if it might affect the outcome of the

7  case, and a dispute is 'genuine' only if a reasonable trier of fact could resolve the

8  issue in the non-movant's favor." *Fresno Motors, LLC v. Mercedes Benz USA,*

9  *LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) (quoting *Anderson v. Liberty Lobby,*

10  *Inc.*, 477 U.S. 242, 248 (1986)).

11      The moving party "bears the initial responsibility of informing the district

12  court of the basis for its motion, and identifying those portions of 'the pleadings,

13  depositions, answers to interrogatories, and admissions on file, together with the

14  affidavits, if any,' [that] demonstrate the absence of a genuine dispute of material

15  fact." *Celotex*, 477 U.S. at 323 (quoting former Fed. R. Civ. P. 56(c)). Once the

16  moving party has satisfied its burden, to survive summary judgment, the non-

17  moving party must demonstrate by affidavits, depositions, answers to

18  interrogatories, or admission on file "specific facts showing that there is a genuine

19  [dispute of material fact] for trial." *Id.* at 324.

20

The Court "must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inference in the nonmoving party's favor." *Rookaird v. BNSF Ry. Co.*, 908 F.3d 451, 459 (9th Cir. 2018). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ." *Anderson*, 477 U.S. at 255. "Summary judgment is improper 'where divergent ultimate inferences may reasonably be drawn from the undisputed facts.'" *Fresno Motors*, 771 F.3d at 1125 (quoting *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006)).

## DISCUSSION

### A. Evidentiary Objections

Whitman County argues that several exhibits attached to the Declaration of Samantha Lin, ECF No. 15, should be stricken and not considered for summary judgment because they "have not been properly authenticated and constitute hearsay." ECF No. 17 at 1. Prior to 2010, courts typically did not consider unauthenticated evidence during summary judgment. *See Orr v. Bank of Am.*, 285 F.3d 764, 774-78 (9th Cir. 2002). However, in 2010, Fed. R. Civ. P. 56 was amended to allow courts to consider unauthenticated evidence, so long as the evidence would be admissible at trial. Fed. R. Civ. P. 56(c)(2); *see also* Fed. R. Civ. P. 56(c)(2) advisory comm. Note to 2010 amendments ("[t]he burden is on the

proponent to show that the material is admissible as presented or to explain the

admissible form that is anticipated" at trial).  The inquiry at summary judgment is

not focused on the evidence's form, rather, the Court should consider the

admissibility the evidence's contents.  *Hodges v. Hertz Corp.*, 351 F. Supp. 3d

1227, 1231-32 (N.D. Cal. 2018) (citing *Fraser v. Goodale*, 342 F.3d 1032, 1036-

37 (9th Cir. 2003)); *see also JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828

F.3d 1098, 1110 (9th Cir. 2016) ("[A]t summary judgment a district court may

consider hearsay evidence submitted in an inadmissible form, so long as the

underlying evidence could be provided in an admissible form at trial, such as by

live testimony.").

In addition, "objections for relevance are generally unnecessary on summary

judgment because they are 'duplicative of the summary judgment standard itself.'"

*Sandoval v. Cty. Of San Diego*, 985 F.3d 657, 665 (9th Cir. 2021) (citing *Burch v.

Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006)).  Whitman

County's objections based upon authentication and relevance are **OVERRULED**.

The Court considers the remaining objections to each exhibit in turn.

*1.  Exhibits 1 and 2*

Exhibit 1 is a Police Family Violence Facts Sheet produced by the National

Center for Women and Policing.  ECF No. 15 at 1 ¶ 3; ECF No. 15-1 at 1.

Ms. Rockness seeks to introduce this evidence to support findings that families of

officers have a unique vulnerability to domestic violence.  ECF No. 13 at 4 ¶ 3-9.

Exhibit 2 is a scholarly article that attempts to link revictimization of domestic

violence victims to specific personality characteristics.  ECF No. 15 at 2 ¶ 4; ECF

No. 15-2.  Ms. Rockness cites to this article to show that domestic violence victims

are at a high risk for revictimization and more than two thirds of female victims are

revictimized within one year.  ECF No. 13 at 4 ¶ 10-13.  The exhibits are hearsay

as they contain out of court statements that do not fall into any hearsay exceptions.

Fed. R. Evid. 803.

       Experts may rely on hearsay testimony if "experts in the particular field

would reasonably rely on those kinds of facts . . . [relating to] the subject."  Fed. R.

Evid. 703.  Parties must disclose experts within a timely manner outlined in pretrial

orders.  Fed. R. Civ. P. 26(a)(2).  Samantha Lin, counsel for Ms. Rockness, is not

offered as an expert in intimate partner violence in police families.  Samantha Lin

may not assert an expert opinion as to the statistics of police family violence.

Ms. Rockness failed to disclose an expert on this subject in a timely manner.  The

Jury Trial Scheduling Order issued on June 10, 2021, stated counsel must disclose

experts by January 27, 2022, ECF No. 9 at 4 ¶ 19, and none were disclosed by that

date.

       Insofar as Ms. Rockness seeks to introduce the exhibit for reasons other than

the truth of the matter asserted, the Court finds the proffer irrelevant for the below

ORDER GRANTING DEFENDANT WHITMAN COUNTY'S MOTION FOR
SUMMARY JUDGMENT - 9

1    analysis.  Whitman County's objections to Exhibits 1 and 2 are **SUSTAINED**.

2        *2. Exhibit 4*

3        Exhibit 4 is a portion of Spokane County's Sheriff's Office Policy Manual.

4    ECF No. 15 at 2 ¶ 5; ECF No. 15-4.  The policy contains portions that relate to

5    police officer conduct with victims of prior investigations.  ECF No. 15 at 4.

6    Ms. Rockness intends to use this policy to show Whitman County does not have a

7    similar policy.  ECF No. 13 at 5 ¶ 1-10.

8        The document is admissible because it falls under the public records

9    exception to hearsay.  Fed. R. Evid. 803(8).  Courts have found that webpage

10   printouts of government documents fall within the public records hearsay

11   exception.  *Elohim EPF USA, v. Total Music Connection*, No. CV 14-02496-

12   BRO(Ex), 2015 WL 12655556, at *8-9 (C.D. Cal. 2015) (not reported).

13   "Government documents and public records available from government websites

14   are capable of judicial notice[.]"  *Id.* (citing *L'Garde, Inc. v. Raytheon Space &*

15   *Airborne Sys.*, 805 F. Supp. 2d 932, 937-38 (C.D. Cal. 2011)).  Spokane Sheriff's

16   Office is a government entity in the State of Washington.  Exhibit 4 appears to be a

17   digital excerpt of the Spokane County Sheriff's Office's Policy Manual.  Whitman

18   County's objection to this exhibit is **OVERRULED**.

19       *3. Exhibit 5*

20       Exhibit 5 is a newspaper article that discusses the trial of Mr. Rockness.

ORDER GRANTING DEFENDANT WHITMAN COUNTY'S MOTION FOR
SUMMARY JUDGMENT - 10

ECF No. 15 at 2 ¶ 5; ECF No. 15-5.  Ms. Rockness intends to use this to show

Mr. Rockness' employment and subsequent leave with the County during the trial.

ECF No. at 5 ¶ 14-15.  Under the Federal Rules of Evidence, "[p]rinted material

purporting to be a newspaper or periodical" is considered self-authenticating.  Fed.

R. Evid. 902(6).  Although self-authenticated, newspapers are considered out of

court statements.  *AFMS LLC v. UPS Co.*, 105 F. Supp 3d 1061, 1070 (C.D. Cal.

2015).  Newspapers are inadmissible hearsay if the plaintiff intends to use evidence

for the truth of the matter asserted.  *Id.*  Further, newspapers generally constitute

double hearsay given they contain statements of others.  *Green v. Baca*, 226 F.R.D.

624, 638 (C.D. Cal. 2005); *see Vannatta v. Keisling*, 899 F. Supp. 488, 491 (D. Or.

1995) *aff'd*, 151 F.3d 1215 (9th Cir. 1998).

Ms. Rockness seeks to introduce the exhibit to prove the content detailed

within the newspaper.  Thus, she seeks to admit it for the truth of the matter

asserted, rendering the newspaper hearsay.  It would not be admissible during the

trial stage.  Whitman County's objection to this exhibit is **SUSTAINED.**

4. *Exhibit 7*

Exhibit 7 is a copy of the Clarkston Police Department's police report

regarding the December 2019 incident.  ECF No. 15 at 2 ¶ 9; ECF No. 15-7.

Ms. Rockness intends to use this evidence to show background for the December

assault and alleged history of abuse.  ECF No. 13 at 9 ¶ 1-18.  Hearsay evidence

submitted in an inadmissible form at summary judgment, is allowed "so long as the underlying evidence could be provided in an admissible form at trial, such as by live testimony." *JL Beverage Co.*, 828 F.3d at 1110. Fed. R. Evid. 602 provides that a witness may testify if they possess "personal knowledge of the matter." In *Lawrence v. City & Cty. of San Francisco*, the court overruled objections to the consideration of police reports at summary judgment. 258 F. Supp. 3d 977, 986 (N.D. Cal. 2017). The court noted that although the document itself may be inadmissible hearsay, it may be presented in an admissible form at trial. *Id.*

Similar to the court's finding in *Lawrence*, Exhibit 7 itself may be inadmissible hearsay. However, information found in police reports may be presented through live testimony at trial. Since the contents may be admitted in another form, the objection to this exhibit is **OVERRULED**.

*5. Exhibit 8*

Exhibit 8 is a single page of docket entries from the criminal case against Mr. Rockness. ECF No. 15 at 2 ¶ 10; ECF No. 15-8. This printout shows the disposition of the case, but no other docket entries, and is not certified. ECF No. 15-8. Ms. Rockness seeks to use this evidence to show that Mr. Rockness pleaded guilty to fourth degree assault, a gross misdemeanor. ECF No. 13 at 10 ¶ 2.

Webpage printouts of government documents fall within the public records hearsay exception and the Court can take judicial notice of such online, public

records.  *Elohim EPF USA*, 2015 WL 12655556, at \*8-9.  Exhibit 8 is a printout

from Odyssey.  Odyssey Portal is one of the Washington state courts' online

databases.  Whitman County's objection to this exhibit is **OVERRULED.**

**B. Ms. Rockness's Section 1983 Claim Against Whitman County**

Ms. Rockness's claim against Whitman County arises under 42 U.S.C. §

1983.  ECF No. 2 at 5.  Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States or
> other person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and laws,
> shall be liable to the party injured in an action at law, suit in equity, or
> other proper proceeding for redress . . . .

"[Section] 1983 is not itself a source of substantive rights, but merely provides a

method for vindicating federal rights elsewhere conferred."  *Graham v. Connor*,

490 U.S. 386, 393-94 (1989) (internal quotation marks omitted).  To state a claim

under Section 1983, a plaintiff must show that she was "deprived of a right secured

by the Constitution or laws of the United States, and that the alleged deprivation

was committed under color of state law."  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526

U.S. 40, 49-50 (1999).

Municipalities and other local government units are considered persons

under Section 1983.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978);

*Tsao v. Desert Palace, Inc.*, 698 F.3d 1128 at 1138-39 (9th Cir. 2012).  "A

ORDER GRANTING DEFENDANT WHITMAN COUNTY'S MOTION FOR
SUMMARY JUDGMENT - 13

government entity may not be held liable under [Section] 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dogherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011); *see also Tsao*, 698 F.3d at 1139. "A policy of inaction or omission may be based on failure to implement procedural safeguards to prevent constitutional violations." *Tsao*, 698 F.3d at 1143. In cases based on inaction, the plaintiff must show that the lack of a policy "amounts to deliberate indifference to the plaintiff's constitutional right." *Jackson v. Barnes*, 749 F.3d 755, 763 (9th Cir. 2014). The plaintiff must further show "that the municipality could have prevented the violation with an appropriate policy." *Id.*

> 1. *Whether Ms. Rockness Suffered a Violation of Her Constitutional Rights When Mr. Rockness Pursued a Relationship with Her.*

As a preliminary matter, Ms. Rockness does not identify which of her constitutional rights were violated. She offers vague allegations that Whitman County failed to prevent "constitutional violations[,]" ECF No. 2 at 4 ¶ 7.2, and "failed to protect domestic violence victims' constitutional rights." ECF No. 13 at 17 ¶ 1. Her Second Amended Complaint alleges that Whitman County's acts and omissions resulted in damages. ECF No. 2 at 5 ¶ 7.3.

In the facts as alleged, Ms. Rockness describes that Mr. Rockness pursued a romantic relationship with her that culminated in domestic violence. Ms. Rockness, in briefing and at oral argument, concedes that Mr. Rockness was

ORDER GRANTING DEFENDANT WHITMAN COUNTY'S MOTION FOR SUMMARY JUDGMENT - 14

not acting under color of state law when he assaulted her, but argues that he was so

acting when he laid the foundation to pursue a relationship with her.  ECF No. 13

at 11.  Therefore, consistent with her concession, the actual incidents of domestic

violence that occurred cannot, as a matter of law, give rise to Section 1983

liability.[3]

Setting aside the question of whether Mr. Rockness acted under color of

state law while pursuing a relationship with Ms. Rockness, Ms. Rockness must

have suffered a violation of her constitutional rights for her Section 1983 claim to

survive.  Ms. Rockness advocates a theory that domestic violence victims have a

constitutional right to be free from the romantic advances of law enforcement

officers with whom they come into contact while the officer is on duty.  *See* ECF

No. 13 at 17 ("Whitman County failed to protect domestic violence victims'

---

[3] Generally, where a government employee does not act under color of state law,

there is no violation to the Constitution.  As the Ninth Circuit explained in *Van Ort*

*v. Estate of Stanewich*:

> If a government officer does not act within his scope of employment or
> under color of state law, then that government officer acts as a private
> citizen. . . .  Because [the municipal defendant's employee that caused
> plaintiffs' injury] acted as a private citizen, [plaintiffs] had no
> constitutional right to be free from his depravation of their
> constitutional rights.

92 F.3d 831, 836-37 (9th Cir. 1996).

ORDER GRANTING DEFENDANT WHITMAN COUNTY'S MOTION FOR
SUMMARY JUDGMENT - 15

constitutional rights . . . when it failed to adopt policies prohibiting law enforcement officers from soliciting and forming romantic relationships with domestic violence victims.").

Ms. Rockness does not explain which portion of the Constitution would provide such a right. Perhaps the Fourteenth Amendment's Due Process Clause, which "extend[s] to certain personal choices central to individual dignity and autonomy, including intimate choices defining identity and beliefs . . . [and] the fundamental right to liberty in certain, though never fully defined, intimate conduct[,]" is closest. *Erotic Serv. Provider Legal Educ. & Research Project v. Gascon*, 880 F.3d 450, 455 (9th Cir. 2018) (collecting cases).

The Fourteenth Amendment prohibits depravations to life, liberty, or property without due process of law. *Ingraham v. Wright*, 430 U.S. 651, 672 (1977). "The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.'" *Sullivan*, 526 U.S. at 59. The Supreme Court has described the liberties protected by the Fourteenth Amendment to include "freedom from bodily restraint . . . [,] the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized . . . as essential to the orderly pursuit of

happiness by free men." *Bd. of Regents v. Roth*, 408 U.S. 564, 572 (1972).  The

right extends to bodily integrity.  *Park*, 952 F.3d at 1140 (9th Cir. 2020).  The

Constitution further protects the right "to be secure in one's person and home . . . ,

and to be free from cruel and unusual punishment." *Van Ort*, 92 F.3d at 835.

Ms. Rockness does not articulate how Mr. Rockness's initial advances, or

her admittedly consensual relationship and marriage to him, deprived her of any

right secured by the Fourteenth Amendment.  Ms. Rockness does not identify, and

the Court is unable to find, authority supporting a constitutionally mandated duty

to domestic violence victims that would proscribe law enforcement officers from

pursuing relationships with those victims or would require law enforcement

agencies to prohibit such relationships.  The Court declines to recognize

constitutional regulations of such inherently interpersonal conduct.  *See Daniels v.

Williams*, 474 U.S. 327, 332 (1986) ("Our Constitution deals with the large

concerns of the governors and the governed[.]").

Ms. Rockness is a survivor of abuse and has certainly suffered a legally

cognizable injury.  However, her constitutional claim against Whitman County

fails because her injuries were caused by a private actor, not by a government

official in his official capacity.  Discrete exceptions notwithstanding,[4] the general

---

[4] "There are two exceptions to the general rule that 'a [municipal defendant's]

rule is that no constitutional violation arises out of actions undertaken by public officials in their capacity as private citizens. *Van Ort*, 92 F.3d at 836.

The Court sees fit to reiterate; Ms. Rockness concedes that she "is not alleging [Mr. Rockness] was acting under color of state law when he assaulted her." ECF No. 13 at 11. Therefore, the conduct that is left to support her constitutional claim is the formation of the relationship that eventually resulted in the assault. There is no protection from such conduct in the Constitution.

There remains no genuine dispute of fact precluding the entry of summary judgment. Ms. Rockness fails to demonstrate that she was "deprived of a right secured by the Constitution or laws of the United States" as related to the development of her relationship with Mr. Rockness. *Sullivan*, 526 U.S. at 49-50. Whitman County is entitled to judgment as a matter of law.

> 2. *Whether Mr. Rockness Acted Under Color of State Law When He Threatened Ms. Rockness with His Official Position Following Incidents of Abuse*

failure to protect an individual against private violence . . . does not constitute a violation of the Due Process Clause.'" *Huffman v. County of Los Angeles*, 147 F.3d 1054, 1058 (9th Cir. 1998) (quoting *Deshaney*, 489 U.S. at 197). These are (1) where the state has taken an individual into its custody, and (2) where the state affirmatively places an individual in a dangerous situation. *Id.* at 1058-59. Ms. Rockness does not argue that the exceptions apply here.

ORDER GRANTING DEFENDANT WHITMAN COUNTY'S MOTION FOR SUMMARY JUDGMENT - 18

Ms. Rockness also offers the fact that, following incidents of abuse, Mr. Rockness intimidated and threatened her with his position of leadership at the Sheriff's Office to scare her from calling the police. ECF No. 13 at 17. Ms. Rockness testified in deposition that "[Mr. Rockness] told me that he was No. 2 in command and everyone else worked for him and that if I dialed 911, that they would come; and he would just tell them that I hurt him, and I would be arrested." ECF No. 15-6 at 76:1-4. The Ninth Circuit offers guidance on claims premised upon the actions of off-duty officers that implicate an official duty or status.

*Anderson* sets forth the test to determine where an off-duty officer was "acting under color of state law." 451 F.3d at 1068-69. *See, e.g.*, *Garnier v. O'Connor-Ratcliff*, 41 F.4th 1158, 1170 (9th Cir. 2022); *Park*, 952 F.3d at 1140; *Naffe v. Frey*, 789 F.3d 1030, 1036 (9th Cir. 2015); *Hollandsworth v. City & Cty. of Honolulu*, 440 F. Supp. 3d 1163, 1172 (D. Haw. 2020). First, the action at issue must have been "performed while the officer is acting, purporting, or pretending to act in the performance of his or her official duties." *Anderson*, 451 F.3d at 1068-69. "Second, the officer's pretense of acting in the performance of his duties must have had the purpose and effect of influencing the behavior of others." *Id.* at 1069. "Third, the challenged conduct must be related in some meaningful way either to the officer's governmental status or to the performance of his duties." *Id.* (quotations omitted).

ORDER GRANTING DEFENDANT WHITMAN COUNTY'S MOTION FOR SUMMARY JUDGMENT - 19

1      Ms. Rockness's contention that Mr. Rockness's threats were under color of

2   state law fails at the first requirement.  Mr. Rockness was not "acting, purporting,

3   or pretending to act in the performance of his . . . duties" as Undersheriff when he

4   threatened Ms. Rockness into silence.  *Id.*  He threatened to lie to any responding

5   officers.  His position may allow him to leverage relationships and his reputation in

6   furtherance of the lie, but it is not reasonable to characterize the lie as "pretending

7   to act in the performance of" his duties as Undersheriff.  He did not assume the

8   color of any state law by threatening to lie, indeed, he likely broke the law in

9   making such a threat.[5]  In *Anderson*, for comparison, the defendant officer

10  assaulted a man who had rear-ended his vehicle.  *Id.* at 1065.  As witnesses

11  gathered, the defendant officer and his wife told the crowd that he was a "cop" and

12  that the incident was "police business."  *Id.* at 1065-67, 1069.  The Ninth Circuit

13  found that the defendant officer "invoked his governmental status" and therefore

14  acted under color of state law.  *Id.* at 1069.  As much is not true, here.

15      There remains no genuine dispute that Mr. Rockness was not acting under

16  color of state law while performing any of the acts that underlie Ms. Rockness's

17  claim.  *Rookaird*, 908 F.3d at 459.  The Court continues to Whitman County's

18

19  _____
    [5] The threat may have violated the Washington Criminal Code.  *See, e.g.*, RCW

20  9A.46.020 (Harassment); RCW 9A.80.010 (Official misconduct).

ORDER GRANTING DEFENDANT WHITMAN COUNTY'S MOTION FOR
SUMMARY JUDGMENT - 20

deliberate indifference argument as a second, independent basis for summary judgment.

### 3.  Deliberate Indifference

Ms. Rockness alleges that

Whitman County's failure to establish a policy prohibiting law enforcement officers from forming romantic relationships with crime victims constituted deliberately indifferent training, deliberately indifferent supervision and a deliberately indifferent failure to adopt policies necessary to prevent constitutional violations.

ECF No. 2 at 5.  "Policies of omission regarding the supervision of employees . . . can be 'policies' or 'customs' that create municipal liability under *Monell*, but only if the omission 'reflects a deliberate or conscious choice' to countenance the possibility of a constitutional violation."  *Gibson v. County of Washoe*, 290 F.3d 1175, 1194 (9th Cir. 2002) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389-90 (9th Cir. 1989)).  "[T]he inadequacy of police training may serve as the basis for [Section] 1983 liability only where the failure to train amounts to deliberate indifference. . . [.]"  *Canton*, 489 U.S. at 389.

Deliberate indifference requires a showing that the municipal defendant had actual or constructive notice that the failure to act or train would result in a constitutional violation.  *Castro v. Cty. of Los Angeles*, 883 F.3d 1060, 1076-77 (9th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 841 (1994)).  Deliberate indifference is found in a policymakers' continued adherence to a particular

1    approach that they know or should know will result in the violation of

2    constitutional rights. *Connick v. Thompson*, 563 U.S. 51, 62 (2011). "A pattern of

3    similar constitutional violations by untrained employees is 'ordinarily necessary' to

4    demonstrate deliberate indifference for purposes of failure to train." *Id.*

5        A district court may grant summary judgment for the failure to produce

6    evidence of deliberate indifference. *See Mortimer v. Baca*, 594 F.3d 714, 721-23

7    (9th Cir. 2010); *Anderson*, 451 F.3d at 1070; *LeMoon v. Cal. Forensic Med. Grp.,*

8    *Inc.*, 575 F. Supp. 3d 1212, 1227 (N.D. Cal. 2021).

9        Ms. Rockness argues that Whitman County was on notice that its lack of a

10   policy prohibiting and preventing its police officers from forming romantic

11   relationships with victims of crimes would result in constitutional depravations.

12   ECF No. 13 at 13-14. Ms. Rockness compares Whitman County to nearby

13   Spokane County, whose Sheriff's Office has a policy against its officers forming

14   inappropriate personal relationships with known victims as a result of official

15   contact. ECF No. 13 at 5.

16       As explained above, Ms. Rockness's evidence of statistics related to

17   domestic abuse is excluded. Ms. Rockness has produced no evidence of a pattern

18   of past domestic abuse by Whitman County officers on victims of crimes they

19   investigate. Ms. Rockness offers only conclusory argument to support that the

20   policy for which she advocates would prevent violations of constitutional rights.

ORDER GRANTING DEFENDANT WHITMAN COUNTY'S MOTION FOR
SUMMARY JUDGMENT - 22

She has produced no evidence demonstrating that the result is "substantially certain," which is the standard of deliberate indifference that the Court must apply. *Castro*, 833 F.3d at 1076.

The Ninth Circuit faced a similar argument in *Flores v. County of L.A.*, 758 F.3d 1154, 1160 (9th Cir. 2014). There, the plaintiff argued that the defendant sheriff's department did not properly instruct officers "not to sexually harass or sexually attack women with whom they come into contact." *Id.* The Ninth Circuit explained that, in cases "[w]here the proper response is obvious to all without training or supervision, then the failure to train or supervise is generally not so likely to produce a wrong decision as to support an inference of deliberate indifference[.]" *Id.* The Ninth Circuit observed that the penal code prohibited sexual battery, so inclusion of a policy in a training manual would not have prevented the assault at issue. *Id.* Similarly, here, domestic violence is a criminal act, and it is likewise obvious to all without training or supervision that such conduct is criminal. As such, Whitman County was not deliberately indifferent by failing to train its police officers not to engage in domestic violence.

Plaintiff has not demonstrated a genuine dispute as to whether Whitman County was deliberately indifferent to her constitutional rights. Whitman County is entitled to judgment as a matter of law, and the Court grants summary judgment.

ORDER GRANTING DEFENDANT WHITMAN COUNTY'S MOTION FOR SUMMARY JUDGMENT - 23

**C. Remand to State Court**

The remaining causes of action are for negligence, battery and assault, and outrage, all against Mr. Rockness. *See* ECF No. 2. The Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a). Following the disposition of federal claims in a non-diversity action involving state law claims, the district court maintains discretion to retain jurisdiction over the state law claims or to remand the remainder of the case to state court. *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 204 (9th Cir. 1991). However, it is generally preferable for a district court to remand remaining pendent claims to state court. *Id.* The Court finds that the interests of economy, convenience, fairness, and comity, are all served by the remand of this case to state court.

## CONCLUSION

For the reasons stated above, the Court grants summary judgment as to Ms. Rockness's Section 1983 claim against Whitman County. The remainder of the case is remanded to state court.

Accordingly, **IT IS ORDERED:**

1.     Defendant Whitman County's Motion for Summary Judgment, **ECF No. 10**, is **GRANTED**.

2.     The Clerk's Office is directed to **ENTER JUDGMENT** in favor of Whitman County as to Plaintiff's Section 1983 claim.

ORDER GRANTING DEFENDANT WHITMAN COUNTY'S MOTION FOR SUMMARY JUDGMENT - 24

3.      The remainder of the action is **REMANDED** to Whitman County Superior Court for further proceedings.  The District Court Clerk is directed to enter this Order and forward this file with a copy of this Order to the Clerk of the Whitman County Superior Court.

4.      All pending motions are **DENIED AS MOOT** and all hearings and other deadlines are **STRICKEN.**

**IT IS SO ORDERED.**  The District Court Executive is directed to file this Order and Judgment accordingly, provide copies to the parties, and **CLOSE** the file.

DATED March 29, 2023.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT WHITMAN COUNTY'S MOTION FOR SUMMARY JUDGMENT - 25